UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 99-2541

NANCY ROBERSON,,

Plaintiff,

vs.

CIV- MAGISTRATE JUDGE O'SULLIVAN

CONDOTTI SHOPS USA, INC., a Florida corporation, and IRWIN E. TAUBER, individually,

Defendants.
_____/

## COMPLAINT

Plaintiff NANCY ROBERSON ("ROBERSON") sues Defendants, CONDOTTI SHOPS USA, INC. ("CONDOTTI") and IRWIN E. TAUBER ("TAUBER") and alleges:

### ALLEGATIONS COMMON TO ALL COUNTS
### PARTIES

1. <u>ROBERSON</u>: ROBERSON an individual residing in Dade County, Florida and is sui juris.

2. <u>CONDOTTI</u>: CONDOTTI is a corporation organized and existing under the laws of the State of Florida, and doing business in Dade County, Florida.

3. <u>TAUBER</u>: TAUBER is an individual residing in Dade County, Florida and is sui juris. At all times material hereto, TAUBER was the President and CEO of CONDOTTI and was vested with supervisory authority by CONDOTTI over ROBERSON.

-1-



Roberson v. Condotti Shops et al
Complaint

## JURISDICTION AND VENUE

4. <u>Jurisdiction:</u> This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because this is an action for damages based upon unlawful employment practices under Title VII of the Civil Rights Act, 42 U.S.C. §§2000e-3(a) and 2000e-2(a) ("Title VII").

5. <u>Venue:</u> Venue is proper by virtue of the fact that CONDOTTI does business in Dade County in the Southern District of Florida, ROBERSON is a resident of Dade County, in the Southern District of Florida and the acts complained of herein took place in Dade County, in the Southern District of Florida.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6. <u>Notice of Right To Sue:</u> ROBERSON timely filed with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) a Charge of Discrimination against CONDOTTI in compliance with Title VII and the Florida Civil Rights Act ROBERSON received a Notice of Right to Sue from the EEOC within ninety (90) days of the filing of this Complaint. More than 180 days have passed since ROBERSON filed her charge of discrimination with the FCHR and that agency has not made a determination with regard to her charge. A copy of the Notice of Right to Sue is attached hereto as Exhibit "A" and incorporated herein by reference.

-2-

Roberson v. Condotti Shops et al
Complaint

## ATTORNEY'S FEES

7.      Attorney's Fees: Pursuant to 42 U.S.C. §2000-5(k), and §760.11(5), Florida Statutes, ROBERSON is entitled to an award of reasonable attorney's fees and costs if she is the prevailing party in this action.

## DEMAND FOR JURY TRIAL

8.      Jury Trial: ROBERSON demands a jury trial for all matters so triable in this action.

## TAUBER IS AN EMPLOYER UNDER TITLE VII AND FLORIDA LAW

9.      The Joint Employer Doctrine: TAUBER and CONDOTTI are joint employer under Title VII §2000(e)(b) and Florida law by virtue of the nature of the inter-relationship between TAUBER's personal business activities and the degree of his control over the business affairs of CONDOTTI. Essentially, TAUBER is CONDOTTI.

        a       Interrelation of Operations: TAUBER utilizes the same corporate address as CONDOTTI for at least four other closely held corporations which are owned and exclusively controlled by TAUBER personally. TAUBER also uses the CONDOTTI premises and personnel to accomplish his personal business and the business of the other entities that he controls. At all time material hereto, the relationship between TAUBER's personal business, the other entities which he controls and CONDOTTI was marked by a complete absence of an arm's length relationship.

-3-

Roberson v. Condotti Shops et al
Complaint

    b.    <u>Centralized Control of Labor Operations</u>: At all times material hereto, TAUBER had exclusive and absolute authority to conduct the day-to-day affairs of CONDOTTI and his personal business including, but not limited to, the day-to-day affairs of the other entities that he controlled.

    c.    <u>Common Management</u>: TAUBER had exclusive and absolute authority to manage all employees of CONDOTTI and exercised such authority in a manner which required CONDOTTI employees to perform tasks for his personal benefit and for the other entities he also controlled. In fact, TAUBER exercised so much control that employees of CONDOTTI were unable to understand or distinguish between the affairs of TAUBER personally, the various TAUBER controlled entities and CONDOTTI.

    d.    <u>Common Ownership or Financial Control:</u> TAUBER had absolute decision making authority over the retention and termination of all employees, including ROBERSON, and other matters, and exercised such authority in a manner which required CONDOTTI personnel to train employees of other TAUBER controlled entities, to perform various other tasks for such entities and for his personal business. TAUBER was solely responsible for the hiring and subsequent wrongful discharge of ROBERSON.

    e.    <u>Improper Business Purpose</u>: In addition, TAUBER exercised the complete control which he enjoyed over CONDOTTI and other entities which he controlled in a manner that routinely involved the movement and co-mingling of goods between the respective entities to best serve his personal business interests.

10.    <u>Alter Ego Doctrine</u>: CONDOTTI is the alter ego of TAUBER.

GRUMER & LEVIN, P.A.
ONE EAST BROWARD BOULEVARD, SUITE 1705, FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 713-2700

Roberson v. Condotti Shops et al
Complaint

  a. <u>Improper Business Purpose</u>: TAUBER utilized CONDOTTI inventory for the purposes of other entities controlled by TAUBER as opposed to corporate purposes in order to best serve his personal business interests.

  b. <u>Ownership</u>: TAUBER had exclusive ownership and control of CONDOTTI and all other entities which he operates at the CONDOTTI corporate address.

  c. <u>Common Location</u>: TAUBER used the CONDOTTI location to conduct the business of other entities which he owned or controlled.

  d. <u>Use of Personnel</u>: TAUBER utilized CONDOTTI personnel to perform personal services for himself and to perform tasks for the other entities which he controlled.

## GENERAL ALLEGATIONS

11. <u>Action For Damages</u>: This is an action for economic loss and other damages arising out of unlawful employment practices committed by TAUBER and CONDOTTI.

12. <u>Employment</u>: ROBERSON was employed by CONDOTTI for approximately two years until July 21, 1998, when she was discharged from her employment.

13. <u>Protected Activity</u>: ROBERSON engaged in protected activity, as that term is defined in Title VII and the Florida Civil Rights Act, in that she agreed to become a witness and did participate as a witness in support of two co-employee's sexual harassment and retaliation lawsuits against CONDOTTI. Those lawsuits, filed in the U.S. District Court for the Southern District of

GRUMER & LEVIN, P.A.
ONE EAST BROWARD BOULEVARD, SUITE 1705, FORT LAUDERDALE, FLORIDA 33301 · TELEPHONE (954) 713-2700

Roberson v. Condotti Shops et al
Complaint

Florida, are styled as follows: <u>Claudia Zorovich v. Condotti Shops USA et al.</u>, Case No. 97-3113-CIV-UNGARO-BENAGES and <u>Barbara Ann Shavel v. Condotti Shops USA et al.</u>, Case No. 97-3115-CIV-DAVIS.

14. <u>Knowledge by CONDOTTI and TAUBER</u>: At all material times, CONDOTTI and TAUBER had knowledge that ROBERSON had been listed as a witness in support of her co-employees' sexual harassment lawsuits against them. Indeed, on July 20, 1998, the day prior to her termination, TAUBER confronted ROBERSON and questioned her severely and at length about her participation as a witness in two Title VII lawsuits brought against TAUBER and CONDOTTI by two former co-workers, Claudia Zorovich and Barbara Ann Shavel.

15. <u>Retaliatory Conduct Unbearable</u>: Also on July 20, 1998, TAUBER and CONDOTTI retaliated against ROBERSON by removing her from her work desk and placing her in the sales office. TAUBER and CONDOTTI prohibited ROBERSON from touching any documents in the office, prohibited ROBERSON from answering or using the office telephone unless instructed, prohibited ROBERSON from doing anything in the office unless specifically instructed, and advised ROBERSON that she would be searched each day upon leaving work. Despite the unbearable and oppressive nature of TAUBER's retaliation, ROBERSON remained at work due to financial necessity.

16. <u>Retaliatory termination</u>: On July 21, 1998, when ROBERSON reported for work, she was fired at the instruction of TAUBER. When ROBERSON telephoned TAUBER at home and

Roberson v. Condotti Shops et al
Complaint

attempted to get an explanation for her termination, she was confronted by TAUBER's then-fiancee (now wife), who was also a manager at CONDOTTI, who proceeded to insult ROBERSON and otherwise expressed their disapproval of her support of her co-worker's Title VII claims.

## COUNT I
## VIOLATION OF TITLE VII- RETALIATION

ROBERSON repeats and realleges the allegations of paragraphs 1 through 16 above as if fully set forth herein and further alleges:

17.  <u>Statement of Claim</u>: This is an action for damages for unlawful retaliation in violation of Title VII, 42 U.S.C. §2000e-3(a).

18.  <u>Joint Employers</u>: CONDOTTI and TAUBER are "joint employers" within the meaning of Title VII.

19.  <u>Retaliatory Treatment endured by ROBERSON</u>: CONDOTTI and TAUBER intentionally retaliated against ROBERSON in retaliation for her participation as a witness in support of two co-employees who had filed Title VII sexual harassment and retaliaion lawsuits against CONDOTTI and TAUBER.

20.  <u>Damages:</u> As a direct and proximate result of the intentional discriminatory conduct of CONDOTTI and TAUBER, ROBERSON has suffered and continues to suffer great economic and other loss including, but not limited to:

   a.  substantial losses in earnings (back and future pay);

   b.  loss of employment benefits; and

   c.  humiliation, mental pain and anguish.

GRUMER & LEVIN, P.A.
ONE EAST BROWARD BOULEVARD, SUITE 1705, FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 713-2700

Roberson v. Condotti Shops et al
Complaint

21. <u>Punitive Damages</u>: CONDOTTI and TAUBER's discriminatory conduct was so willful and wanton that ROBERSON is also entitled to an award of punitive damages.

Wherefore ROBERSON demands judgment against CONDOTTI and TAUBER for lost earnings (both back and front pay), lost benefits, for humiliation, mental pain and anguish and other compensatory damages, as well as punitive damages, attorney's fees and costs and such further and other relief as this court deems just and proper.

## COUNT II
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT- RETALIATION

ROBERSON repeats and realleges the allegations of paragraphs 1 through 16 above as if fully set forth herein and further alleges:

22. <u>Statement of Claim</u>: This is an action for damages for unlawful retaliation in violation of the Florida Civil Rights Act, §760.10(7), Florida Statutes.

23. <u>Joint Employers</u>: CONDOTTI and TAUBER are "joint employers" within the meaning of the Florida Civil Rights Act.

24. <u>Retaliatory Treatment endured by ROBERSON</u>: CONDOTTI and TAUBER intentionally retaliated against ROBERSON in retaliation for her participation as a witness in support of two co-employees who had filed sexual harassment and retaliaion lawsuits against CONDOTTI and TAUBER.

25. <u>Damages:</u> As a direct and proximate result of the intentional discriminatory conduct of CONDOTTI and TAUBER, ROBERSON has suffered and continues to suffer great economic and other loss including, but not limited to:

-8-

Roberson v. Condotti Shops et al
Complaint

    a.    substantial losses in earnings (back and future pay);

    b.    loss of employment benefits; and

    c.    humiliation, mental pain and anguish.

26.    <u>Punitive Damages</u>: CONDOTTI and TAUBER's discriminatory conduct was so willful and wanton that ROBERSON is also entitled to an award of punitive damages.

Wherefore ROBERSON demands judgment against CONDOTTI and TAUBER for lost earnings (both back and front pay), lost benefits, for humiliation, mental pain and anguish and other compensatory damages, as well as punitive damages, attorney's fees and costs and such further and other relief as this court deems just and proper.

GRUMER & LEVIN, P.A.
ONE EAST BROWARD BOULEVARD, SUITE 1705, FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 713-2700

Roberson v. Condotti Shops et al
Complaint

Dated this 22nd day of September, 1999.

        GRUMER & LEVIN, P.A.
        Attorneys for Plaintiff
        One East Broward Boulevard
        Suite 1705
        Ft. Lauderdale, Florida 33301
        (954) 713-2700
        (954) 713-2713 Fax

By: _____
        KEITH T. GRUMER, ESQ.
        Fla. Bar No. 504416
        MAIDENLY SOTUYO-MACALUSO, ESQ.
        Fla. Bar No. 990728

Exhibit:

A - Right to Sue Letter

-10-

**EXHIBIT "A"**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## NOTICE OF RIGHT TO SUE
*(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Nancy Roberson<br>10130 Haitian Drive<br>Miami, FL 33189 | Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))*

| Charge Number | EEC Representative | Telephone Number |
|---|---|---|
| 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 | Willie Mae Moody, Senior Investigator | (305) 530-6045 or 530-6050 |

*(See the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEC is terminating its processing of this charge.

[ ] The EEC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] EEC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

JUL 13 1999
(Date Mailed)

Federico Costales, District Director

Enclosures
Information Sheet
Copy of Charge

cc: Condotti Shops, Inc.          Maidenly Sotuyo-Macaluso
    C/O Catherine A. Maus, Esquire   Grumer & Lewin, P.A.
    Greenberg Traurig, P.A.       One East Broward Blvd. Suite 1705
    P.O. Box 14036                Ft. Lauderdale, FL 33301
    Ft. Lauderdale, FL 33302

EEC Form 161-B (10/96)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --** **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice.** Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was mailed to you** (as indicated where the Notice is signed).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEC ASSISTANCE -- All Statutes:**

You may contact the EEC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEC destroys charge files after a certain time, all charges are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

**IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.**

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NANCY ROBERSON

## DEFENDANTS
CONDOTTI SHOPS USA, INC., a Florida corporation, and IRWIN E. TAUBER, individually

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Dade County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Dade County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A: Dade 1:99CV2541 (King) O'Sullivan

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Keith T. Grumer, Esq. (954) 713-2700
Grumer & Levin, P.A., 1 East Broward Blvd.
Ft. Lauderdale, FL 33301

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury -- Med Malpractice
- ☐ 365 Personal Injury -- Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence
  HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl Ret Inc Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (US Plaintiff or Defendant)
- A☐ 871 IRS -- Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions
A OR B

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Title VII, Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

LENGTH OF TRIAL
via 4 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint.
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 9-22-99
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG JUDGE ____

$150.00  809410
09/22/99